IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DEBRA TRAVIS**                                                                                                    **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO. 3:23CV209-MPM-RP**

**HALL TIRES AND COLLECTION, LLC, et al.**                      **DEFENDANTS**

<u>**ORDER STRIKING ANSWER AND COUNTERCLAIM**</u>
<u>**OF HALL TIRES AND COLLECTION, LLC**</u>

The plaintiff brought this FLSA action against Hall Tires and Collection, LLC and its owner Jeremy Hall. On September 5, 2023, Jeremy Hall filed a *pro se* answer and counterclaim on behalf of himself and his company Hall Tires and Collection, LLC. ECF #8. However, although Hall may represent himself, he may not represent Hall Tires and Collection, LLC, which may appear in this action only through a licensed attorney admitted to practice in this court.

The United States Supreme Court has held that the right to represent oneself or proceed *pro se* is guaranteed by 28 U.S.C. § 1654. However, that "right is limited to appearing on behalf of one's self; one cannot represent another separate legal entity, such as another person, a corporation, or a partnership, *pro se*." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02, 113 S. Ct. 716, 121 L.Ed.2d 656 (1993). It is well settled law in the Fifth Circuit that "a corporation can appear in a court of record only by an attorney at law." *Southwest Express Co v. *932 Interstate Commerce Comm'n*, 670 F.2d 53, 55 (5th Cir. 1982). "A corporation as a fictional legal person can only be represented by licensed counsel." *In re K.M.A., Inc.*, 652 F.2d 398 (5th Cir. 1981). The limitation on proceeding *pro se* extends to limited liability companies as well. *See IntelliGender, LLC v. Soriano*, No. 2:10-cv-125-JRG, 2012 WL 1118820, *2 (E.D. Tex. April 3, 2012). In other words, a limited liability company may not represent itself or have

an owner or officer represent it in federal court unless that person is a licensed attorney.

THEREFORE, the answer and counterclaim filed on behalf of the defendants [ECF #8] is STRICKEN solely as to the answer and counterclaim of Hall Tires and Collection, LLC. Said document will remain as the answer and counterclaim of the individual defendant Jeremy Hall. Hall Tires and Collection, LLC is granted until October 16, 2023 to answer or otherwise respond to the plaintiff's amended complaint by and through licensed counsel admitted to practice in this court. That portion of the plaintiff's Motion to Strike Answer of Hall Tires and Collection, LLC and Dismiss Counterclaims [ECF #11] requesting that Hall Tires and Collection, LLC's answer and counterclaim be stricken is MOOT. The remaining requests for relief in that motion will be addressed by the presiding district judge.

This, the 15th day of September, 2023.

s/ Roy Percy
UNITED STATES MAGISTRATE JUDGE