IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DEBRA TRAVIS**                                                                                    **PLAINTIFF**

**v.**                                      **CIVIL ACTION NO.: 3:23-CV-00209-MPM-RP**

**HALL TIRES AND COLLECTION, LLC and**
**JEREMY HALL**                                                                                    **DEFENDANT**

**ORDER**

Plaintiff Debra Travis has filed a motion to dismiss the counterclaims asserted against her by defendants in this action, in which she seeks unpaid overtime wages under the Fair Labor Standards Act ("FLSA"). In her motion, plaintiff writes that:

> Plaintiff filed her complaint for damages in this Court on June 6, 2023. [Doc 1]. On September 5, 2023, Defendants filed an Answer to Plaintiff's Complaint. [Doc. 8]. Additionally, Defendants filed counterclaims against Plaintiff alleging breach of contract, unjust enrichment, estoppel, failure to exhaust administrative remedies, equitable set off, and defamation. The Answer on behalf of HTC was signed by the individual defendant, who is not an attorney admitted to this Court.
> The first issue before the Court is whether Defendants may assert counterclaims against Plaintiff in an FLSA action to recover unpaid overtime wages. The Fifth Circuit has answered this question in the negative. Plaintiff in the instant action is owed overtime and minimum wages that were not properly paid to her. [Doc. 1]. Defendants contends they are not only without liability, but that Plaintiff owes them for pursuing her FLSA claims. Defendant is clearly attempting to set-off their potential liability by asserting these counterclaims. The counter claims themselves appear nothing more than retaliation for pursuing a right the Plaintiff has under the FLSA.
> The Fifth Circuit has rejected the use of counterclaims in setting off improperly withheld compensation in FLSA actions. Brennan v. Heard, 491 F.2d 1 (5th Cir. 1974); *Gagnon v. United Tehcnisource, Inc*., 607 F.3d 1036 (5th Cir. 2010); *Martin v. Pepsiamericas, Inc.,* 628 F.3d 738 (5th Cir. 2010); *NLRB v. Mooney Aircraft, Inc*., 366 F.2d 809 (5th Cir. 1966). The disallowance of these types of counterclaims stems from the inference that FLSA backpay actions are initiated "to enforce a public not a private right." *Mooney Aircraft, Inc*., 366 F.2d at 811. As a result, the purpose of the act, to deter future unfair labor practices, would be circumvented by the allowance of such actions. Id. Furthermore, all claims that attempt to off-set the wages of the employee "are foreign to the genesis, history, interpretation, and philosophy of the Act." *Brennan*, 491 F.2d at 4.

1

[Brief at 3].

Defendants have filed no response in opposition to plaintiff's motion, which this court will interpret as a concession of the arguments set forth in it. This court finds plaintiff's arguments to be persuasive, and her Rule 12(b)(6) motion will therefore be granted.[1]

It is therefore ordered that plaintiff's motion to dismiss [11-1] the counterclaims asserted against her is granted.

This, the 13th day of February, 2024.

  /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI

---

[1] This court notes that plaintiff also argues that the counterclaims should be dismissed for lack of jurisdiction under Rule 12(b)(1), but it concludes that Rule 12(b)(6) is the appropriate procedural vehicle in which to assert her arguments.