### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF MISSISSIPPI
### OXFORD DIVISION

**DEBRA TRAVIS**                                                  **PLAINTIFF**

**v.**                                **CIVIL ACTION NO.: 3:23-cv-209-MPM-RP**

**HALL TIRES & COLLECTION, LLC**                     **DEFENDANTS**
**AND JEREMY HALL**

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS FIRST MOTION *IN LIMINE* TO EXCLUDE EVIDENCE DUE TO DEFENDANT'S FAILURE TO PRODUCE INITIAL DISCLOSURES

**COMES NOW** Plaintiff and files this Motion *in Limine* to exclude evidence due to Defendant's failure to produce initial disclosures, and for cause would show unto the Court the following, to-wit:

### I. INTRODUCTION

The plaintiff, Debra Travis, respectfully submits this memorandum in support of her motion *in limine* to exclude any evidence, witnesses, or testimony that the defendant, Hall Tires & Collection, LLC and Jeremy Hall, failed to disclose in accordance with the requirements under Federal Rule of Civil Procedure 26(a).

### II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 26(a), each party is required to disclose specific categories of information early in the litigation process, including the identities of individuals with knowledge of relevant facts, copies or descriptions of documents they intend to use in support of their claims or defenses, and a computation of damages, if applicable. These disclosures are intended to facilitate transparency and streamline the

1

discovery process, preventing unnecessary delays and ensuring the parties have equal access to critical information.

To enforce compliance, Rule 37(c)(1) prohibits the use of information or witnesses that a party fails to disclose, unless the failure was "substantially justified" or "harmless." Courts in the Fifth Circuit and across the country have repeatedly emphasized that the disclosure requirements in Rule 26(a) are mandatory and not subject to discretionary compliance. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) (noting that discovery rules are designed to eliminate trial by ambush and ensure all parties have adequate notice of evidence); *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004) (affirming exclusion of untimely disclosed evidence, emphasizing the need for strict adherence to Rule 26 to ensure fairness).

### III. PROCEDURAL HISTORY AND DEFENDANT'S NONCOMPLIANCE

This case has been pending since May 18, 2023, and the parties have engaged in discovery under the Federal Rules of Civil Procedure. On December 1, 2023, the Court entered its Case Management Order (CMO). Plaintiff served her initial disclosures.

In contrast, Defendants have failed to provide the initial disclosures required under Rule 26(a). Plaintiff has not sent correspondence or attempted a Rule 37 conference to address this failure, as the Fifth Circuit has held that plaintiffs are not required to take additional steps to resolve such noncompliance. *See Brumfield v. Hollins*, 551 F.3d 322, 331 (5th Cir. 2008) (noting that the burden of compliance rests squarely on the non-compliant party); *Norman v. Wayne Farms, L.L.C.*, No. CIVA 207CV1008-KSMTP, 2008 WL 4793748, at *1 (S.D. Miss. Oct. 31, 2008) (holding that exclusion under Rule

2

37(c)(1) is automatic and does not require a prior motion to compel or additional efforts by the opposing party to address the failure).

Plaintiff's ability to prepare for trial. Without these disclosures, Plaintiff cannot identify the witnesses or evidence Defendant intends to rely upon, depriving Plaintiff of a fair opportunity to depose witnesses, analyze documents, or develop rebuttal evidence. This lack of transparency violates the basic principles of fairness embedded in the Federal Rules and has placed Plaintiff at an undeniable disadvantage.

## IV. ARGUMENT
### A. Defendant's Noncompliance Was Neither Substantially Justified Nor Harmless

Defendant has not offered any justification for their failure to comply with Rule 26(a). There is no indication that the Defendant faced unavoidable delays, unforeseen circumstances, or other obstacles that could excuse their noncompliance. Instead, the Defendant has ignored its obligations, demonstrating a pattern of disregard for procedural rules.

The Fifth Circuit has consistently held that the burden of demonstrating substantial justification or harmlessness lies with the noncompliant party. In this case, the Defendant's failure is anything but harmless. By withholding critical disclosures, the Defendant has deprived Plaintiff of the opportunity to prepare an adequate case, conduct meaningful depositions, or address the Defendant's arguments at trial. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.,* 382 F.3d 546, 563 (5th Cir. 2004) (upholding exclusion of evidence for failure to timely disclose, underscoring the need for strict adherence to Rule 26(a)).

### B. Plaintiff Has Suffered Significant Prejudice

Defendant's noncompliance has prejudiced Plaintiff by creating a one-sided discovery process. Plaintiff has been forced to conduct discovery without knowing the scope of the Defendant's evidence, witnesses, or potential defenses. This lack of disclosure has hindered Plaintiff's ability to depose key individuals or subpoena relevant documents, leaving Plaintiff unable to properly assess the strengths and weaknesses of the Defendant's case.

As the Fifth Circuit noted in *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996) the initial disclosures required under Rule 26(a) must be sufficiently detailed to provide meaningful information to the opposing party. Defendant's refusal to comply with Rule 26(a) undermines these requirements and disrupts the fairness of these proceedings by depriving Plaintiff of the opportunity to adequately prepare for trial.

### C. Jeremy Hall Is Individually Liable as the Owner of Hall Tires & Collection, LLC

This case presents a pattern of evasiveness and non-compliance by Defendants, illustrated not only by their failure to produce initial disclosures but also by their refusal to provide documents crucial to establishing Jeremy Hall's direct involvement in wage and hour violations. Under the Fair Labor Standards Act (FLSA), an individual owner or officer of a company may be held personally liable if they exercised operational control over the company's employment practices. Jeremy Hall, as the sole owner and operator of Hall Tires & Collection, LLC, undeniably held such control. *See* Exhibit "A," *Defendant's Response to Plaintiff's Discovery Requests* at p. 15-17.

Fifth Circuit precedent firmly establishes that an individual may be considered an "employer" under the FLSA if they control significant aspects of the company's employment relationship, including setting pay rates, determining hours, overseeing payroll, and maintaining employment records. *See Gray v. Powers*, 673 F.3d 352, 357 (5th Cir. 2012); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984); *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993).

Here, Jeremy Hall acted as the primary decision-maker with respect to Plaintiff's employment. Plaintiff specifically requested that Defendants produce all relevant documents, including time and payroll records, that would confirm the extent of Hall's direct oversight of her wage payments. Rather than comply with these straightforward requests, Defendants failed to supplement the requested discovery. Instead, they attempted to shift blame solely onto the limited liability company, suggesting that "Hall Tire" alone bears responsibility. This tactic not only flouts the discovery process but also underscores Hall's attempt to evade personal accountability despite wielding absolute authority over the pay practices at issue.

Such refusal to provide basic employment-related documents deprives Plaintiff of the necessary information to substantiate the extent of Hall's control and involvement. Yet, the absence of these records—caused entirely by Defendants' own intransigence— does not shield Jeremy Hall from liability. The FLSA's definition of "employer" and related case law provide that control can be demonstrated through the owner's known operational role, even if the defendant refuses to produce documentary proof of that role. Hall's deliberate withholding of payroll and time records further evidences his

central involvement and subsequent desire to conceal the nature and scope of his actions.

In short, Jeremy Hall cannot escape personal liability merely by hiding behind a corporate entity or by failing to turn over documents that would confirm his direct influence over Plaintiff's compensation. His role as sole owner and operator places him squarely within the FLSA's definition of an "employer." Without the requested disclosures—and in light of Hall's conscious attempt to suppress evidence—his personal liability for wage and hour violations must be presumed, reinforcing the conclusion that he is individually accountable under the law.

### D. Exclusion Is the Appropriate Remedy

Rule 37(c)(1) provides that exclusion of undisclosed evidence is the appropriate sanction unless the noncompliant party can show that their failure was substantially justified or harmless. Exclusion ensures that the harm caused by the Defendant's noncompliance is mitigated and deters future discovery violations. The Fifth Circuit has affirmed the importance of enforcing disclosure obligations to maintain the integrity of the judicial process. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004) (upholding exclusion of evidence due to failure to disclose); *Bradley v. U.S.,* 866 F.2d 120, 127 (5th Cir. 1989) (noting that failure to comply with discovery requirements can result in exclusion to ensure fairness and prevent prejudice).

Permitting the Defendant to introduce undisclosed evidence at trial would reward their disregard for procedural rules and further prejudice Plaintiff. Exclusion is necessary not only to protect Plaintiff's rights but also to uphold the principles of fairness and transparency that govern civil litigation.

6

## V.     RELIEF REQUESTED

For the foregoing reasons, Plaintiff respectfully requests that this Court:

1. Exclude any evidence, witnesses, or testimony that Defendant failed to disclose in accordance with Rule 26(a);

2. Bar Defendant from introducing or relying on such evidence during trial, at hearings, or in dispositive motions; and

3. Grant such other and further relief as the Court deems just and proper.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully requests that Plaintiff's First Motion *in Limine* to exclude evidence due to Defendant's failure to provide initial disclosures be granted.

THIS, the 19th day of December, 2024.

                                            Respectfully submitted,

                                            <u>/s Jane A. Watson</u>
                                            JANE A. WATSON, MB #106877
                                            NICK NORRIS, MB #101574
                                            Attorney for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1501 Jackson Ave. W. STE 113 PMB 101
Oxford, Mississippi 38655
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
jane@watsonnorris.com

## **CERTIFICATE OF SERVICE**

    I, Jane A. Watson, attorney for Plaintiff, do hereby certify that I have this day served via ECF or by United States mail, postage prepaid, a true and correct copy of the above and foregoing document to all counsel of record:

    SO CERTIFIED, this the 19th day of December, 2024.

                                               /s Jane A. Watson
                                               JANE A. WATSON